UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY CO. | : : | CIVIL ACTION NO. 3:02CV524 (AWT) |
| | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | |
| NERI CONSTRUCTION, LLC, ET AL. | : : | |
| Defendants. | : | JANUARY 26, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES
FIDELITY & GUARANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, United States Fidelity & Guaranty Company ("USF&G" or the "Surety"), submits this Memorandum of Law in support of its Motion for Summary Judgment.

**I.    INTRODUCTION**

The plaintiff, USF&G, as Surety, issued contract payment and performance bonds on behalf of the defendant, Neri Construction, LLC ("Neri"). As a condition of and in consideration for the issuing of the bonds, USF&G required the defendants to enter into a Master Surety Agreement (the "Agreement"), under which the defendants agreed to indemnify USF&G for all costs and expenses incurred by the Surety as a result of having issued the bonds. Subsequently, some of Neri's subcontractors asserted claims against the Subcontract Labor and Material Bond. In addition, Elm Haven Construction,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

12123.0004
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

LP, the general contractor, brought suit against the defendants and USF&G, as Surety, under the performance and payment bonds.

It is undisputed that USF&G has incurred considerable costs, expenses and attorneys' fees in processing, investigating and defending these claims. Furthermore, it is indisputable that USF&G is entitled to reimbursement of these expenditures from the defendants in accordance with the express terms of the Agreement. Indeed, the defendants have conceded that they are liable to the Surety for reimbursement. However, despite USF&G's demand, the defendants have failed and/or refused to comply with their reimbursement and indemnification obligations under the Agreement. As a result, USF&G has been forced to initiate the current action. Count Three of USF&G's complaint is for breach of the defendants' contractual indemnification obligations as provided in the Master Surety Agreement. It is indisputable that the defendants are in breach of the Master Surety Agreement. Therefore, USF&G is entitled to summary judgment.

## II. **FACTS**

### A. **The Agreement**

In March 1999, defendant Neri entered into a subcontract (the "Subcontract") with Elm Haven Construction Limited Partnership ("EHC" or "Elm Haven") to furnish labor, materials and equipment for the construction of a project known as Elm Haven Phase 1B/1C in New Haven, Connecticut (the "Project"). See Answer, ¶ 10; Affidavit of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Steven W. Schoenhaar ("Schoenhaar Aff.") ¶ 5, attached hereto as Exhibit 1;

Statement of Attorney Edwin L. Doernberger, counsel for defendants contained in

Transcript of Oral Argument on Motion for Preliminary Injunction before The Honorable

Alvin W. Thompson, U.S.D.J. ("Statement of Attorney Doernberger"), dated November

6, 2002, pages 5-6, [1] a true and accurate copy of the relevant portion of which is

attached hereto as Exhibit 2); Ruling on Motion for Prejudgment Remedy (Hon. Donna

F. Martinez, United States Magistrate Judge) dated July 8, 2002, p. 1 ("PJR Ruling").

Pursuant to the Subcontract, Neri Construction was required to post a Subcontract

Performance Bond (the "Performance Bond") guaranteeing the performance of the

Subcontract and a Subcontract Labor and Material Bond (the "Payment Bond") for the

benefit of Neri Construction's subcontractors and suppliers on the Project. See Answer,

¶ 11; Schoenhaar Aff., ¶ 6; Statement of Attorney Doernberger, pp. 5-6.  The defendant,

Neri Construction, requested and Plaintiff, USF&G, issued both the Performance and

Payment Bonds for the Project. See Answer, ¶ 12; Schoenhaar Aff., ¶ 7; Statement of

Attorney Doernberger, pp. 5-6.

---

[1]  At oral argument on the plaintiff's Motion for Preliminary Injunction, Attorney Doernberger
stated that he did not dispute the facts stated in the plaintiff's Memorandum of Law in
Support of Motion for Preliminary Injunction except for the assertion that Neri had failed to
properly defend the Elm Haven suit.  In addition, Attorney Doyle, counsel for Vincent and
Michelle Neri, adopted Attorney Doernberg's statement.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**B.**   **The Reimbursement and Indemnification Obligation**

As a condition of, and in consideration for, the issuance of the Payment and Performance Bonds, USF&G required the defendants Neri Construction Corp., Joan C. Neri, Vincent A. Neri and Michelle Neri (collectively hereinafter referred to as the "Indemnitors") to enter into a Master Surety Agreement with USF&G in which the Indemnitors agreed to exonerate and indemnify USF&G in the event of the failure of Neri Construction to perform any of its bonded obligations.  See Answer, ¶ 13; Schoenhaar Aff., ¶ 8; Joan Neri Depo. Trans., p. 9, a true and accurate copy of the relevant portion of which is attached hereto as Exhibit 3; Carl Neri Depo. Trans. p. 34, a true and accurate copy of the relevant portion of which is attached hereto as Exhibit 4; Vincent Neri Depo. Trans., p. 111, a true and accurate copy of the relevant portion of which is attached hereto as Exhibit 5; Statement of Attorney Doernberger, pp. 5-6; PJR Ruling, p. 2.  The relevant portions of the Master Surety Agreement are set forth, in relevant part, as follows:

> III.(A)  **UNDERSIGNED shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon , sustained, or incurred by SURETY for reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT;** (B) In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

such funds shall be, at SURETY'S option, money or property, or liens or security interests in property. (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY.) (C) SURETY may reduce the amount of the UNDERSIGNED'S liability to SURETY hereunder by applying to such liability any money payable to UNDERSIGNED by SURETY; (Such liability may arise from UNDERSIGNED'S obligation to exonerate, to hold harmless and to indemnify SURETY and may be liquidated or unliquidated; and, the "money payable to UNDERSIGNED" may be, but is not limited to, any money payable by SURETY as an insurer of the UNDERSIGNED or another PERSON to return to UNDERSIGNED an unearned or other premium or to settle a claim of UNDERSIGNED against SURETY or a PERSON insured by SURETY.)

**IV.(A) The liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that: (1) SURETY was or might be liable therefore; (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lessen SURETY'S liability or alleged liability**; (B) the liability of the UNDERSIGNED to SURETY shall include interest from the date of SURETY'S payments at the maximum rate permitted in the jurisdiction in which this AGREEMENT is enforced, or is enforceable; **(C) the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of the UNDERSIGNED to SURETY.**

V.(A)  Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising; (B) each UNDERSIGNED is the agent for all UNDERSIGNED for the purpose of accepting service of any process in the jurisdiction in which the UNDERSIGNED accepting process resides, is domiciled, is doing business or is found; **(C) in the event**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> **SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT, SURETY shall be entitled to recover its own reasonable attorneys' fees and expenses from UNDERSIGNED in connection with such suit.**

(Emphasis added.)  <u>See</u> Schoenhaar Aff., ¶ 9; a true and accurate copy of The Master Surety Agreement is attached as Exhibit A to Schoenhaar Aff.

In the defendants' "Memorandum In Opposition to Plaintiff's Motion for Preliminary Injunction" dated September 30, 2002, the defendants state, "In its pre-hearing memorandum, and at the hearing, the Defendants did not contest their liability to reimburse USF&G pursuant to the terms of the Master Surety Agreement (as amended) signed by the Defendants.  However, the Defendants did contest the amount of the prejudgment remedy sought by USF&G."  <u>See</u> Affidavit of Dennis C. Cavanaugh ("Cavanaugh Aff."), ¶ 7, attached hereto as Exhibit 6.

### C.    <u>The Claims Against the Bond</u>

By way of Writ, Summons and Complaint, dated July 11, 2001 (the "Lawsuit"), Elm Haven commenced an action against Neri and USF&G in the District of Connecticut.  <u>See</u> Answer, ¶ 16; Schoenhaar Aff., ¶ 11; Joan Neri Depo. Trans., pp. 13-15; Carl Neri Depo. Trans., p. 35; Kimberly Neri Depo. Trans., p. 31; Statement of Attorney Doernberger, pp. 5-6; PJR Ruling, p. 2.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

USF&G defended this action and on August 22, 2003, the United States District Court for the District of Connecticut (Goettel, J.) granted the Surety's Motion for Summary Judgment against Elm Haven.  <u>See</u> Cavanaugh Aff., ¶ 6.

Additionally, defendant, Neri Construction, contracted with several subcontractors and suppliers to furnish labor and materials to the Project.  <u>See</u> Answer, ¶ 15; Schoenhaar Aff., ¶ 10; Statement of Attorney Doernberger, pp. 5-6.  Some of these subcontractors and suppliers made demand upon the Surety under the Payment Bond claiming that Neri Construction failed and/or refused to pay for labor, materials and/or equipment furnished to the Project.  <u>See</u> Schoenhaar Aff., ¶ 10; Statement of Attorney Doernberger, pp. 5-6.

### D.    <u>USF&G's Demands for Reinbursement and Exoneration</u>

USF&G has notified the Indemnitors of the claims made against the Payment and Performance Bonds and of their duties and obligations under the Master Surety Agreement, including their responsibility to indemnify and pay USF&G's attorneys' fees, costs and expenses resulting from the Lawsuit.  <u>See</u> Answer, ¶ 17; Schoenhaar Aff., ¶ 12.  In addition, on several occasions, USF&G has made express demand upon the defendants for collateral and indemnification.  <u>See</u> Schoenhaar Aff., ¶ 12.  USF&G has also notified the Indemnitors of their obligations under the Master Surety Agreement to cooperate with the Surety in the investigation of claims asserted against the Payment and Performance Bonds.  <u>See</u> Answer, ¶ 17; Schoenhaar Aff. ¶ 12.  However, despite

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

demand, the Indemnitors have failed and/or refused to indemnify and hold USF&G harmless from all losses incurred as a result of having issued the bonds on behalf of Neri; Schoenhaar Aff., ¶ 13; PJR Ruling, p. 4.

As a result of the defendants' failure and/or refusal to indemnify the Surety for its costs, expenses, and legal fees incurred in defending the Elm Haven suit, as well as the claims brought by the subcontractors, on March 25, 2002, the Surety commenced the current lawsuit against the defendants seeking, *inter alia*, to enforce the defendants' contractual indemnification obligations.  See Cavanaugh Aff., ¶ 8; Schoenhaar Aff. ¶ 14.

On July 8, 2002, the United States District Court for the District of Connecticut (The Honorable Donna F. Martinez, Magistrate Judge) granted the Surety's Motion for prejudgment remedy against the defendants in the amount of $34,669.67.  See Cavanaugh Aff., ¶ 9; Schoenhaar Aff., ¶ 15.

On November 7, 2002, the Surety obtained an order of preliminary injunction requiring the defendants to specifically perform in accordance with the collateral security provisions of the Master Surety Agreement and post collateral in the sum of $655,954.00.  See Cavanaugh Aff., ¶ 10; Schoenhaar Aff., ¶ 16.

### E.    The Damages

As of December 31, 2003, USF&G has incurred $121,568.02 in attorneys' fees and costs in investigating, processing, and defending the Elm Haven Lawsuit, the claims brought by the subcontractors and in prosecuting the current action for indemni-fication.  See Cavanaugh Aff., ¶ 11; Schoenhaar Aff., ¶¶ 18, 19.  In addition, USF&G

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

anticipates incurring an additional $7,500 in attorneys' fees and costs through the prosecution of the current Motion for Summary Judgment.  <u>See</u> Schoenhaar Aff., ¶ 20; Cavanaugh Aff., ¶ 13.  Further, USF&G has incurred $1,056.06 in administrative and other expenses in investigating, processing and defending claims asserted against the Payment Bond, in defending the Lawsuit, and in prosecuting the current action.  <u>See</u> Schoenhaar Aff., ¶ 21.

## III.    <u>ARGUMENT</u>

### A.    <u>The Plaintiff Is Entitled to Summary Judgment as to Count Three of the Complaint</u>

#### 1.    <u>Standard for Summary Judgment</u>

A motion for summary judgment should be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986). Material facts have been defined as only those which may affect the outcome of the case under the governing law.  <u>Anderson</u>, 477 U.S. at  248.  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 327 (1986).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.    **USF&G Is Entitled to Indemnification Under the Agreement as a Matter of Law.**

(a)    **USF&G has Satisfied All of the Elements Required Under Connecticut Law to Establish a Breach of Contract.**

In Count Three of the Complaint, USF&G alleges a breach of the Master Surety Agreement on the part of the defendants.  It is indisputable that the defendants have breached the Master Surety Agreement.  Courts in the District of Connecticut have found that a party has established a cause of action for breach of contract where it has demonstrated:  (1) the existence of a contract; (2) the existence of an obligation on the part of the defendant; (3) a breach of that obligation by the defendant; and (4) damages to the plaintiff.  Underkofler v. Community Health Care Plan, Inc., No. 3:87CV534, 1999 U.S. Dist. LEXIS 10515, at *10 (D. Conn. June 17, 1999) (setting forth elements of breach of contract).

(i)    **It is Indisputable that USF&G has Established the Existence of a Valid and Enforceable Contract.**

It is undisputed that USF&G issued payment and performance bonds on behalf of Neri.  See Answer, ¶ 12, Schoenhaar Aff., ¶ 7.  Furthermore, it is undisputed that, as a condition of and in consideration for issuing the bond, USF&G required the defendants to enter into a Master Surety Agreement with USF&G in which the Indemnitors agreed to exonerate and indemnify USF&G in the event of the failure of Neri Construction to perform any of its bonded obligations.  See Answer, ¶ 13, Schoenhaar Aff., ¶ 8; Vincent Neri Depo. Trans., p. 112.  Furthermore, it is undisputed that the Master Surety

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Agreement expressly calls on the Indemnitors to exonerate and indemnify the Surety from all losses, costs and expenses which the Surety may incur as a result of having issued the bonds on behalf of Neri Construction.  <u>See</u> Answer, ¶ 14, Schoenhaar Aff., ¶ 8.

As there are no material facts in dispute regarding the existence or terms of the Master Surety Agreement, USF&G's claim for indemnification is properly decided as a matter of law.  <u>See</u> <u>Pitney Bowes, Inc. v. Manufacturers Bank</u>, No. 3:94CV0137, 1997 WL 289680, *4 (D. Conn. March 7, 1997) (enforcing indemnification agreement on summary judgment where terms of agreement were unambiguous and indemnitor failed to raise issue of material fact as to validity of agreement); <u>Wilhelm v. Barri</u>, No. 512895, 1991 WL 61427, *2, 3 Conn. L. Rptr. 449 (Conn. Super. April 11, 1991) (granting claims for indemnification on motion for summary judgment.).

It is undisputed that the Master Surety Agreement is a valid and enforceable contract.  The terms of the Master Surety Agreement, like any contract, are governed by local law.  Under Connecticut law, indemnity agreements in support of surety bonds are routinely held to be enforceable according to their terms.  <u>See, e.g.</u>, <u>Republic Insurance Company v. Pat DiNardo Auto Sales, Inc.</u>, 678 A.2d 516, 518, 44 Conn.Supp. 207, 210 (Conn. Super 1995) (enforcing surety's right to indemnification according to the express terms of the indemnity agreement); <u>Leonard Concrete Pipe Company v. C.W. Blakeslee & Sons, Inc.</u>, 424 A.2d 277, 279, 178 Conn. 594, 599 (1979)(enforcing indemnity agreement according to its express terms); <u>Acstar Ins. Co. v. Door Wizard, LLC</u>, No. CV

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

01 0511178S, 2002 WL 31375029, *3 (Conn. Super. Sept. 27, 2002) (enforcing "clear and unambiguous" language of indemnity agreement in favor of surety's right to indemnification).

Furthermore, indemnity agreements, such as the Master Surety Agreement, are subject to interpretation or supplementation only where the terms are not clear and unambiguous.  See Laudano v. General Motors, 388 A.2d 842, 845 (Conn. Super. 1977) ("The unambiguous language of an indemnity clause should be given effect as expressing the parties' intention."); Kahl v. United Technologies Corp., No. CV 01 0808238S, 2003 WL 21771970, *1, 35 Conn. L. Rptr. 119 (Conn. Super. July 8, 2003) ("the language in the [indemnity] Agreement is clear and unambiguous and leaves no room for construction"); Acstar Ins. Co., 2002 WL 31375029 at *3.

In the present case, the language of the Master Surety Agreement clearly and unambiguously requires the defendants to exonerate and indemnify the Surety from all demands, claims, liabilities and losses incurred in connection with the issuance of the bonds by the Surety on behalf of the defendants.  The Master Surety Agreement, in pertinent part, states:

> **III.(A) UNDERSIGNED shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon , sustained, or incurred by SURETY for reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**of the provisions of this AGREEMENT**; (B) In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY'S option, money or property, or liens or security interests in property. (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY.) . . .

**IV.(A) The liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that: (1) SURETY was or might be liable therefore; (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lessen SURETY'S liability or alleged liability** . . . (C) the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of the UNDERSIGNED to SURETY . . .

V. (C) in the event SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT, SURETY shall be entitled to recover its own reasonable attorneys' fees and expenses from UNDERSIGNED in connection with such suit.

See Schoenhaar Aff., ¶ 9.

The import of these provisions is plain and unambiguous: the defendants are to exonerate and indemnify the Surety against all losses and expenses incurred as a result of the Surety having issued the bonds on behalf of the defendants.

Similar indemnity agreements between sureties and principals have been found to be unambiguous and enforceable under Connecticut law.  See Republic Insurance

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Company, 678 A.2d at 517, 44 Conn. Supp. at 208 (Enforcing indemnity agreement which provided in part that the defendants would indemnify the surety "from and against any and all liability, loss, costs, damages, attorney's fees and expenses of whatever kind or nature which [the plaintiff] may sustain or incur by reason or in consequence of executing any such bond or bonds as surety . . . .").  In addition, similar indemnity agreements between sureties and principals have been found to be unambiguous and enforceable in other jurisdictions.  See Safeco Ins. Co. v. Dematos, No. Civ. A. 02-CV-2899, 2003 WL 21293825 (E.D. Pa., Apr. 10. 2003) (granting surety summary judgment on indemnity claim); USF&G v. Cler Construction Services, Inc., No. 03C1405, 2003 WL 22508169 (N.D. Ill., Nov. 3, 2003) (granting surety summary judgment on indemnity claim). United States Fidelity and Guaranty Company v. J. United Electrical Contracting Corp., 62 F.Supp.2d 915, 921 (E.D.N.Y.,1999) (finding indemnity agreement to be valid and enforceable when it provided that,

> UNDERSIGNED shall exonerate, indemnify, and keep indemnified SURETY from and against any and all liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT . . . .

As in the above-cited cases, the Master Surety Agreement is clear and unambiguous.  Therefore, as a matter of law, it is valid and enforceable in accordance with its terms.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**(ii)** **It is Indisputable that the Master Surety Agreement Created an Obligation on the Part of the Defendants to Indemnify and Exonerate the Surety.**

There can be no dispute that the language of the Master Surety Agreement expressly and unambiguously created a duty on the part of the defendants to exonerate and indemnify the Surety against all loss and expenses incurred as a result of the Surety having issued bonds on the defendants' behalf.  Courts throughout the United States have routinely upheld the Surety's right to indemnification subject *only* to the condition that the Surety does not incur the costs and expenses fraudulently or in bad faith.  See MARILYN KLINGER, ET AL, EDITORS, The Surety's Indemnity Agreement, (2002) (relevant excerpt from the same attached hereto as Exhibit 7).  This rule has also been followed in Connecticut.  See Acstar Ins. Co., 2002 WL 31375029 at *3 (unambiguous language of indemnity agreement will be enforced in accordance to its terms subject only to the requirement that the surety act in good faith); Republic Insurance Company, 678 A.2d at 518 (awarding interest and attorney's fees in accordance with express language of Indemnity Agreement); Pitney Bowes,1997 WL 289680 at *4 (awarding costs and legal fees on summary judgment in accordance with clear and unambiguous language of indemnity agreement).[2]

---

[2]/ The Pitney Bowes court was faced with an indemnity agreement which "broadly covered 'any and all liabilities, obligations, . . . claims, actions, suits, costs, expenses, and disbursements (including, without limitation, reasonable legal fees and expenses) of any kind and nature whatsoever . . . ."  1997 WL 289680 at *4.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Furthermore, the defendants have conceded their liability to USF&G for reimbursement in accordance with the provisions of the Master Surety Agreement. In the defendants' "Memorandum In Opposition to Plaintiff's Motion for Preliminary Injunction" dated September 30, 2002, the defendants state, "In its pre-hearing memorandum, and at the hearing, the Defendants did not contest their liability to reimburse USF&G pursuant to the terms of the Master Surety Agreement (as amended) signed by the Defendants. However, the Defendants did contest the amount of the prejudgment remedy sought by USF&G." Therefore, the defendants have conceded both the enforceability of the Master Surety Agreement as well as their liability to the Surety in accordance with the terms of the Agreement.

Therefore, there is no dispute that the Master Surety Agreement created a duty on the part of the defendants to indemnify the Surety for all costs and legal fees which the Surety has incurred as a result of issuing the payment and performance bonds on behalf of Neri Construction.

### (iii)    It is Indisputable that the Defendants have Breached the Master Surety Agreement.

It is undisputed that claims have been made against the bonds issued by the Surety on behalf of Neri Construction. <u>See</u> Answer, ¶ 15; Schoenhaar Aff., ¶ 10; Statement of Attorney Doernberger, pp. 5-6. In addition, it is undisputed that the Surety was named as a defendant in a suit brought under the bonds by Elm Haven Construction Limited Partnership. <u>See</u> Answer, ¶ 16; Joan Neri Depo. Trans., p. 14; Carl Neri

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Depo. Trans. p. 35; Kimberly Neri Depo. Trans., p. 31.  Furthermore, it is undisputed

that the Surety has incurred substantial costs, expenses, and legal fees in defending the

claims brought by the subcontractors and Elm Haven and in prosecuting the current

action.  See Cavanaugh Aff., ¶¶ 11, 12 and 13; Schoenhaar Aff., ¶¶ 18, 19.  In addition,

it is undisputed that the Surety has incurred administrative and other expenses in

investigating, processing, and defending the claims brought by Neri Construction's

subcontractors, the Elm Haven suit, and in prosecuting the present action.  See

Schoenhaar Aff., ¶ 21.

It is further undisputed that the Surety has, on numerous occasions, made written

demand upon the defendants for indemnification.  See Answer, ¶ 17; Schoenhaar Aff., ¶

12.  Finally, it is undisputed that, despite the Surety's demands, the defendants have

failed and/or refused to exonerate and indemnify the Surety for such costs and

expenses.  See Schoenhaar Aff., ¶ 13; PJR Ruling p. 4. Therefore, there can be no

dispute that the defendants have breached the express and unambiguous obligations

created by the Master Surety Agreement.

### (iv).  It is Indisputable that the Surety has Suffered Damages as a Result of the Defendants' Breach of the Master Surety Agreement.

It is undisputed that the Surety has incurred substantial costs and expenses in

connection with having issued the bonds on behalf of the defendants.  As of December

31, 2003, USF&G has incurred $121,568.02 in attorneys' fees and costs in investi-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

gating, processing, and defending the Elm Haven Lawsuit, the claims brought by the

subcontractors and in prosecuting the current action for indemnification.  <u>See</u>

Cavanaugh Aff., ¶ 11; Schoenhaar Aff., ¶¶ 18, 19.  In addition, USF&G anticipates

incurring an additional $7,500 in attorneys' fees and costs through the prosecution of

the current Motion for Summary Judgment.  Cavanaugh Aff., ¶ 13; Schoenhaar Aff.,

¶ 20.  Furthermore, USF&G has incurred $1,056.06 in administrative and other

expenses in investigating, processing and defending claims asserted against the

Payment Bond, in defending the Lawsuit, and in prosecuting the current action.  <u>See</u>

Schoenhaar Aff., ¶ 21.

It is indisputable that the Surety is entitled to reimbursement for these

expenditures under the express language of the Master Surety Agreement.   The

Master Surety Agreement provides, in relevant part:

> III.(A)  UNDERSIGNED shall exonerate, hold harmless,
> indemnify and keep indemnified SURETY **from and against
> any and all demands, claims, liabilities, losses and
> expenses of whatsoever kind or nature (including but
> not limited to, interest, court costs and counsel fees)**
> imposed upon, sustained, or incurred by SURETY for reason
> of: (1) SURETY having executed, provided or procured
> BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S
> failure to perform or comply with any of the provisions of this
> AGREEMENT. . .

> IV. C) the voucher(s) or other evidence of such payment(s)
> or an itemized statement of payment(s) sworn to by an
> officer of SURETY **shall be prima facie evidence of the
> fact and extent of the liability** of the UNDERSIGNED to
> SURETY . . .

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> V.(C) in the event SURETY should file suit at law or in equity
> to enforce the terms of this AGREEMENT, SURETY shall be
> entitled to recover its own reasonable attorneys' fees and
> expenses from UNDERSIGNED in connection with such suit
> . . . .

<u>See</u> Schoenhaar Aff., ¶ 9.

The terms set forth above are typical of indemnity agreements utilized throughout the surety industry, and courts have routinely upheld the validity of similar or identical provisions. <u>See, e.g.</u> <u>Transamerica Ins. Co. v. Bloomfield</u>, 401 F.2d 357, 362 (6th Cir. 1968) ("[p]rovisions in indemnity agreements granting . . . the right to compromise and settle claims, and providing that vouchers and other evidence of payment shall be *prima facie* evidence of the propriety thereof, have been upheld as not against public policy and enforced by the courts"); <u>Acstar Ins. Co. v. Teton Enterprises</u>, 670 N.Y.S.2d 588, 589 (N.Y. App. Div. 1998) (granting surety's motion for summary judgment on its claim for indemnification in absence of evidence of bad faith[3]); <u>see</u> KLINGER <u>supra</u> (the courts have routinely upheld such *prima facie* evidence clauses) (relevant portion of the same is attached hereto as Exhibit 8).

In contrast to the rules of common law indemnity, a surety seeking indemnification under a written indemnity agreement containing a *prima facie* clause is not required to prove the reasonableness of its payments. <u>See</u> KLINGER <u>supra</u> at 123. Rather, the

---

[3]/ The indemnity agreement provided that "[i]n the event of payments by the Surety, the Indemnitors agree to accept the voucher of the Surety or other evidence of such payments as *prima facie* evidence of the propriety thereof, and of the Indemnitor's liability therefor to the Surety." <u>Acstar Ins. Co.</u>, 670 N.Y.S.2d at 589.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

surety need only provide evidence of having made payment. See e.g., Continental Cas. Co. v. American Sec. Corp., 443 F.2d 649, 651-52 (D.C.Cir. 1970), cert. Denied, 402 U.S. 907, reh'g denied, 403 U.S.913 (1071) ("the appellees submitted in support of their summary judgment motion, according to the provisions of the indemnity agreement, 'an itemized statement thereof, sworn to by an officer of the sureties, or the voucher or vouchers, or other evidence of such payment shall be prima facie evidence of the fact and extent of the liability of the applicants in any claim or suit hereunder and in any and all matters arising between the applicants and the sureties.'"); cf Hawaiian Ins. & Guaranty Co., Ltd v. Higashi, 675 P.2d 767 (Haw. 1984)(in absence of right to settle clause and prima facie evidence clause, indemnitee must prove reasonableness of payment).

        Similar prima facie evidence clauses to that existing in the present case have often been invoked to allow surety's to prevail on motions for summary judgment. See, e.g. United States Fidelity & Guaranty Co. v. Feibus, 15 F.Supp.2d 579, 582-83 (M.D.Pa.1998) (granting Surety's claim for indemnification under prima facie clause on motion for summary judgment in absence of evidence that payments were made in bad faith); Transamerica Ins. Co. v. H.V.A.C. Contractors, Inc., 857 F.Supp. 969, 974-75 (N.D.Ga. 1994)(summary judgment in favor of the surety appropriate absent evidence presented by indemnitors that payments were made in bad faith), Continental Cas. Co. v. American Sec. Corp., 443 F.2d 649, 651-52 (D.C.Cir. 1970), cert. Denied, 402 U.S. 907, reh'g denied, 403 U.S.913 (1071) (summary judgment is proper based upon

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

affidavit and supporting documents of payment by surety); Int'l Fidelity Ins. Co. v. Spadafina, 596 N.Y.S.2d 453, 454, 192 A.2d 637, 639 (N.Y.A.D. 2 Dept., 1993)(indemintor's conclusory affidavits are insufficient to overcome presumption in favor of surety).

In the present case, the Surety has complied the requirements set forth in the Master Surety Agreement by providing "vouchers" and "other evidence" of payment in support of its motion.  See Schoehaar Aff. at  ¶¶ 18-22.  Therefore, as a matter of law, the Surety has established its entitlement to indemnification and is entitled to summary judgment.

**IV.    CONCLUSION**

For all of the foregoing reasons, USF&G respectfully requests that this Court enter summary judgment in its favor on Count Three of the Complaint.

PLAINTIFF,
UNITED STATES FIDELITY
 & GUARANTY COMPANY


By _____
    Dennis C. Cavanaugh
    Fed. Bar No. ct05814
    Peter E. Strniste, Jr.
    Fed. Bar No. ct20830
    HALLORAN & SAGE LLP
    Its Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 26th day of January 2004, a copy of the foregoing was mailed, postage prepaid to:

David S. Doyle, Esq.                    Edwin L. Doernberger, Esq.
Marcus Law Firm                         Saxe, Doernberger & Vita, P.C.
111 Whitney Avenue                      1952 Whitney Avenue
New Haven, CT 06510                     Hamden, CT 06517


                                        _____
                                        Dennis C. Cavanaugh

491542.1(HSFP)

HALLORAN
& SAGE LLP

One Goodwin Square                                    Phone (860) 522-6103
225 Asylum Street                                     Fax (860) 548-0006
Hartford, CT 06103                                    Juris No. 26105