UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY CO. | : | CIVIL ACTION NO. 3:02CV524 (AWT) |
| | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | |
| NERI CONSTRUCTION, LLC, ET AL | : | |
| Defendants. | : | JANUARY 26, 2004 |

**LOCAL RULE 56(a)1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)1, The plaintiff, United States Fidelity & Guaranty

Company ("USF&G" or the "Surety"), submits the following Statement of Material Facts

to which there are no genuine issues to be tried.  All references to Exhibits refer to

those attached to the Memorandum of Law in Support of the Plaintiff's Motion for

Summary Judgment.

1.       Defendant, Neri Construction, LLC ("Neri"), entered into a subcontract (the

"Subcontract") with Elm Haven Construction Limited Partnership ("EHC" or "Elm

Haven") to furnish labor, materials and equipment for the construction of a project

known as Elm Haven Phase 1B / 1C in New Haven, Connecticut (the "Project").  See

Answer, ¶ 10; Schoenhaar Aff., ¶ 5; Statement of Attorney Doernberger, pp. 5-6; PJR

Ruling, p. 1.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

12123.0004
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.     Pursuant to the Subcontract, Neri Construction was required to post a Subcontract Performance Bond (the "Performance Bond") guaranteeing the performance of the Subcontract and a Subcontract Labor and Material Bond (the "Payment Bond") for the benefit of Neri Construction's subcontractors and suppliers on the Project. <u>See</u> Answer, ¶ 11; Schoenhaar Aff., ¶ 6; Statement of Attorney Doernberger, pp. 5-6.

3.     The defendant, Neri Construction, requested and Plaintiff, USF&G, issued both the Performance and Payment Bonds for the Project. <u>See</u> Answer, ¶ 12; Schoenhaar Aff., ¶ 7; Statement of Attorney Doernberger, pp. 5-6.

4.     As a condition of, and in consideration for, the issuance of the Payment and Performance Bonds, USF&G required the defendants Neri Construction Corp., Joan C. Neri, Vincent A. Neri and Michelle Neri (collectively hereinafter referred to as the "Indemnitors") to enter into a Master Surety Agreement with USF&G in which the Indemnitors agreed to exonerate and indemnify USF&G in the event of the failure of Neri Construction to perform any of its bonded obligations.  <u>See</u> Answer, ¶ 13; Schoenhaar Aff., ¶ 8; Joan Neri Depo. Trans., p. 9; Carl Neri Depo. Trans. p. 34; Vincent Neri Depo. Trans., p. 111; Statement of Attorney Doernberger, pp. 5-6; PJR Ruling, p. 2.

5.     The relevant portions of the Master Surety Agreement are set forth, in relevant part, as follows:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III.(A) UNDERSIGNED shall exonerate, hold harmless, indemnify and keep indemnified SURETY from and against any and all demands, claims, liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon , sustained, or incurred by SURETY for reason of: (1) SURETY having executed, provided or procured BOND(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREE-MENT; (B) In order to exonerate, hold harmless, and indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment; such funds shall be, at SURETY'S option, money or property, or liens or security interests in property. (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY.) (C) SURETY may reduce the amount of the UNDERSIGNED'S liability to SURETY hereunder by applying to such liability any money payable to UNDERSIGNED by SURETY; (Such liability may arise from UNDERSIGNED'S obligation to exonerate, to hold harmless and to indemnify SURETY and may be liquidated or unliqui-dated; and, the "money payable to UNDERSIGNED" may be, but is not limited to, any money payable by SURETY as an insurer of the UNDERSIGNED or another PERSON to return to UNDERSIGNED an unearned or other premium or to settle a claim of UNDERSIGNED against SURETY or a PERSON insured by SURETY.)

IV.(A) The liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that: (1) SURETY was or might be liable therefor; (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lessen SURETY'S liability or alleged liability; (B) the liability of the UNDERSIGNED to SURETY shall include interest from the date of SURETY'S payments at the maximum rate permitted in the jurisdiction in which this AGREEMENT is enforced, or is enforceable; (C) the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

facie evidence of the fact and extent of the liability of the UNDERSIGNED to SURETY.

V.(A) Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising; (B) each UNDER-SIGNED is the agent for all UNDERSIGNED for the purpose of accepting service of any process in the jurisdiction in which the UNDERSIGNED accepting process resides, is domiciled, is doing business or is found; (C) in the event SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT, SURETY shall be entitled to recover its own reasonable attorneys' fees and expenses from UNDERSIGNED in connection with such suit.

See Schoenhaar Aff., ¶ 9.

6.    In the defendants' "Memorandum In Opposition to Plaintiff's Motion for Preliminary Injunction" dated September 30, 2002, the defendants state, "In its pre-hearing memorandum, and at the hearing, the Defendants did not contest their liability to reimburse USF&G pursuant to the terms of the Master Surety Agreement (as amended) signed by the Defendants.  However, the Defendants did contest the amount of the prejudgment remedy sought by USF&G."  See Cavanaugh Aff., ¶ 7.

7.    By way of Writ, Summons and Complaint, dated July 11, 2001 (the "Lawsuit"), Elm Haven commenced an action against Neri Construction and USF&G in the District of Connecticut asserting that Neri Construction breached the Subcontract by failing to complete the Project and that the Surety breached its obligations under the Payment and Performance Bonds and breached the implied covenant of good faith and

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fair dealing.  See Answer, ¶ 16; Schoenhaar Aff., ¶ 11; Joan Neri Depo. Trans., pp. 13-15; Carl Neri Depo. Trans., p. 35; Kimberly Neri Depo. Trans., p. 31; Statement of Attorney Doernberger, pp. 5-6; PJR Ruling, p. 2.

8.      USF&G defended this action and on August 22, 2003, the Honorable Gerard L. Goettel, United States District Court Judge, granted the Surety's Motion for Summary Judgment against Elm Haven.  See Cavanaugh Aff., ¶ 6.

9.      Additionally, defendant, Neri Construction, contracted with several subcontractors and suppliers to furnish labor and materials to the Project.  See Answer, ¶ 15; Schoenhaar Aff., ¶ 10; Statement of Attorney Doernberger, pp. 5-6.

10.      Some of these subcontractors and suppliers have made demand upon the Surety under the Payment Bond claiming that Neri Construction failed and/or refused to pay for labor, materials and/or equipment furnished to the Project.  See Schoenhaar Aff., ¶ 10; Statement of Attorney Doernberger, pp. 5-6.

11.      USF&G has notified the Indemnitors of claims made against the Payment and Performance Bonds and their duties and obligations under the Master Surety Agreement, including their responsibility to indemnify and pay USF&G's attorneys' fees, costs and expenses resulting from the Lawsuit. See Answer, ¶ 17; Schoenhaar Aff., ¶ 12.

12.  In addition, on several occasions, USF&G has made express  demand upon the defendants for immediate indemnification.  See Schoenhaar Aff., ¶ 12.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

13.     USF&G has also notified the Indemnitors of their obligations under the

Master Surety Agreement to cooperate with the Surety in the investigation of claims

asserted against the Payment and Performance Bonds.  See Answer, ¶ 17; Schoenhaar

Aff. ¶ 12.

14.     However, despite demand, the Indemnitors have failed and/or refused to

indemnify and hold USF&G harmless from all losses incurred as a result of having

issued the bonds on behalf of Neri.  See Schoenhaar Aff., ¶ 13; PJR Ruling, p. 4

15.     On March 25, 2002, the Surety commenced the current lawsuit against the

defendants seeking, *inter alia*, to enforce the defendants' contractual indemnification

obligations.  See Cavanaugh Aff., ¶ 8; Schoenhaar Aff. ¶ 14.

16.     On July 8, 2002, the Honorable Donna F. Martinez, United States

Magistrate Judge, granted the Surety's Motion for prejudgment remedy against the

defendants in the amount of $34,669.67.  See Cavanaugh Aff., ¶ 9; Schoenhaar Aff., ¶

15.

17.     On November 7, 2002, the Surety obtained an order of preliminary

injunction requiring the defendant to specifically perform in accordance with the

collateral security provisions of the Master Surety Agreement and post collateral in the

sum of $655,954.00.  See Cavanaugh Aff., ¶ 10; Schoenhaar Aff., ¶ 16.

18.     As of December 13, 2003, USF&G has incurred $121,568.02 in attorneys'

fees and costs in investigating, processing, and defending the Elm Haven Lawsuit, the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

claims brought by the subcontractors and in prosecuting the current action for

indemnification.  <u>See</u> Cavanaugh Aff., ¶ 11.

19.    Furthermore, USF&G anticipates incurring an additional $7,500.00 in

attorneys' fees and costs through the prosecution of the current Motion for Summary

Judgment.  <u>See</u> Cavanaugh Aff., ¶ 13.

20.    In addition, USF&G has incurred $1,056.60 in administrative and other

expenses in investigating, processing and defending claims asserted against the

Payment Bond, in defending the Lawsuit, and in prosecuting the current action.  <u>See</u>

Schoenhaar Aff., ¶ 21.


PLAINTIFF,
UNITED STATES FIDELITY
& GUARANTY COMPANY


By _____
    Dennis C. Cavanaugh
    Fed. Bar No. ct05814
    Peter E. Strniste, Jr.
    Fed. Bar No. ct20830
    HALLORAN & SAGE LLP
    Its Attorneys

HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on January 26, 2004, a copy of the foregoing was mailed, postage prepaid to:

David S. Doyle, Esq.               Edwin L. Doernberger, Esq.
Marcus Law Firm                    Saxe, Doernberger & Vita, P.C.
111 Whitney Avenue                 1952 Whitney Avenue
New Haven, CT 06510                Hamden, CT 06517


_____
                                   Dennis C. Cavanaugh

497930.1(HSFP)

One Goodwin Square                 HALLORAN                Phone (860) 522-6103
225 Asylum Street                  & SAGE LLP              Fax (860) 548-0006
Hartford, CT 06103                                         Juris No. 26105