

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES FIDELITY<br>& GUARANTY COMPANY<br>　　　　　　Plaintiff | : <br> : <br> : | CIVIL ACTION |
| vs. | : <br> : | CASE NO. 3:02CV524 (AWT) |
| NERI CONSTRUCTION, LLC,<br>THE NERI CORP., JOAN C. NERI,<br>VINCENT A. NERI and<br>MICHELLE NERI | : <br> : <br> : <br> : | |
| 　　　　　　Defendants | : | MARCH 16, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' LOCAL RULE 9(c)(2) STATEMENT REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This statement is submitted by Defendants Vincent Neri, Michelle Neri, and Neri Construction, LLC (hereinafter "Defendants") pursuant to Local Rule 9(c)(2) in opposition to the Motion for Summary Judgment dated January 26, 2004, filed by Plaintiff United States Fidelity and Guaranty Co. ("USF&G").

I.   **Response to USF&G's Statement**

In response to USF&G's Local Rule 56(a)1[*sic*] statement, Defendants state as follows:

　　　Paragraph 1.　　　Admitted.

　　　Paragraph 2.　　　Admitted.

　　　Paragraph 3.　　　Admitted.

Paragraph 4.    Admitted.

Paragraph 5.    In response to paragraph 5 the Defendants admit that the quoted portions are contained in the Master Surety Agreement.

Paragraph 6.    Admitted.

Paragraph 7.    Admitted.

Paragraph 8.    Admitted.

Paragraph 9.    Admitted.

Paragraph 10.   Admitted.

Paragraph 11.   Admitted.

Paragraph 12.   In response to paragraph 12, Defendants admit that USF&G made express demand upon Defendant for immediate indemnification. However, in further response, Defendants deny that USF&G, prior to the filing of the current litigation, made any demand upon Defendants for indemnification in a specific amount. After the filing of this litigation, USF&G, through its attorneys at Halloran & Sage, made demand for indemnification regarding attorney's fees incurred; Defendants denied the liability for the specific amounts claimed.

Paragraph 13.   Admitted.

Paragraph 14.   Denied.

Paragraph 15.    Admitted. However, in further response, Defendants have never denied their contractual indemnification obligation.

Paragraph 16.    Admitted. However, Defendants did not contest and consented to the entry of that prejudgment remedy, and Judge Martinez denied any further prejudgment remedy on behalf of USF&G.

Paragraph 17.    Admitted.

Paragraph 18.    Denied on the basis that the amount of attorney's fees and costs are not reasonable under the circumstances.

Paragraph 19.    Denied.

Paragraph 6.    Denied on the basis that there is no factual basis to determine the accuracy of said claim.

## II.    Defendants' Statement of Material Fact for Trial

Defendants set forth the following statement of material facts as to which there is a genuine issue to be tried.

1.    What was the amount of attorney's fees and costs incurred by USF&G in the matter of <u>Elm Haven Construction Limited Partnership v. Neri Construction, LLC</u>, Civil Action No. **3:01-CV-1307 (GLG)** (the "Elm Haven Action")?

3

2. Is the amount of attorney's fees and expenses incurred by USF&G in the Elm Haven Action reasonable?

3. What was the amount of attorney's fees and expenses incurred by USF&G in the matter of <u>United States Fidelity and Guaranty Co. v. Neri Construction, LLC</u>, Civil Action No. **3:02-CV-524 (AWT)** (the "USF&G Action")?

4. Was the amount of attorney's fees and expenses incurred by USF&G in the USF&G Action reasonable?

5. What, if any, further amounts were incurred by USF&G under the terms of the Master Surety Agreement for which USF&G seeks reimbursement from Defendants?

6. Is the amount set forth in paragraph 5 reasonable?

                         THE DEFENDANTS, VINCENT NERI,
                         MICHELLE NERI, and
                         NERI CONSTRUCTION, LLC

By _____
    David S. Doyle
    The Marcus Law Firm
    111 Whitney Avenue
    New Haven, CT 06510
    (203) 787-5885
    FAX (203) 789-8705
    Fed. Bar No. ct02987

## **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, by first class U.S. mail, this 16th day of March, 2004, to:

Dennis C. Cavanaugh, Esq.
Peter E. Strniste, Jr., Esq.
Halloran & Sage, LLP
225 Asylum St.
Hartford, CT  06103

Edwin L. Doernberger, Esq.
Saxe, Doernberger & Vita, P.C.
1952 Whitney Ave.
Hamden, CT  06517

                                              David S. Doyle