UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY CO. | : : : | CIVIL ACTION NO. 3:02CV524 (AWT) |
| Plaintiff, | : : | |
| V. | : : | |
| NERI CONSTRUCTION, LLC, ET AL. | : : : | |
| Defendants. | : | MARCH 26, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS', NERI CONSTRUCTION, LLC, THE NERI CORP., AND JOAN NERI, OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

In accordance with D. Conn. L. Civ. R. 7(d), the Plaintiff, United States Fidelity & Guaranty Company ("USF&G" or the "Surety"), respectfully submits this Memorandum of Law in Reply to Defendants', Neri Construction, LLC, the Neri Corp., and Joan Neri, Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (the "Opposition Memorandum" or "Opp. Mem.").[1]

### I. DEFENDANTS <u>HAVE</u> <u>NOT</u> REBUTTED USF&G'S PRIMA FACIE EVIDENCE OF THE FACT AND EXTENT OF DEFENDANTS' LIABILITY TO THE SURETY UNDER THE MASTER SURETY AGREEMENT

The Defendants have already conceded liability for attorneys' fees and expenses. There only challenge is to the "reasonableness" of the fees and expenses. Ignoring the express and unambiguous language of Paragraph IV of the Master Surety Agreement, the Defendants argue in their Opposition Memorandum that USF&G cannot obtain indemnification for its attorneys'

---

[1] In the event the Court should allow the untimely Memorandum of Law in Opposition to Motion for Summary Judgment filed by the Defendants, Vincent and Michelle Neri, the Plaintiff respectfully adopts the arguments contained herein in reply to said Memorandum of Law. Notably, the Plaintiff intends to file an Objection to Defendants's, Vincent and Michelle Neri, tardy filing on Monday, March 29, 2004.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

12123.0004
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fees and expenses without demonstrating that the attorneys' fees assessed were reasonable. (Opp. Mem. at p. 10). In doing so, the Defendants ask the Court to read two provisions within the parties' Master Surety Agreement in a vacuum and to draw an indemnification distinction between losses incurred by a surety in satisfying and defending claims against a bond and those incurred in pursuing indemnitors to enforce the provisions of the Master Surety Agreement. (Id.). The Defendants also attempt to draw a further distinction between attorneys' fees incurred in defending a bond claim and those incurred in enforcing a surety's rights under an indemnity agreement. The provisions of the Master Surety Agreement at issue are as follows:

> IV (C) the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of UNDERSIGNED to SURETY.
>
> V(C) in the event SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT, Surety shall be entitled to recover its own reasonable attorneys' fees and expenses from UNDERSIGNED in connection with such suit.

Id.[2] Paragraph IV(C) states very clearly that "vouchers or other evidence of such payments or an itemized statement of payments . . . shall be prima facie evidence of the fact and extent *of the liability of UNDERSIGNED to SURETY*." Id. (emphasis added). The prima facie standard contains no limitation language and clearly speaks to *any and all liability* of the Defendants to the Surety – no matter whether that liability arose from paying a bond claimant, paying attorneys to defend a bond claim or paying attorneys to assist USF&G in enforcing its rights under the Master Surety Agreement. See Ideal Electronic Security Co., Inc. v. International Fidelity Ins. Co., 129 F.3d 143 (D.C. Cir. 1997) (where district court refused to award surety fees in prosecuting indemnity action but awarded fees incurred by surety in defending bond claim, the

---

[2]   A copy of the Master Surety Agreement is attached to the Affidavit of Steven W. Schoenhaar as Exhibit A. Mr. Schoenhaar's Affidavit is attached to the Surety's Memorandum of Law in Support of Motion for Summary Judgment as Exhibit 1.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

court of appeals remanded case to district court with instructions to determine reasonableness of both sets of fees "since all of these fees were allegedly incurred in pursuit of the same case.")(case is relied upon at p. 11 of Defendants' Opposition Brief).  Paragraph V(C) of the Master Surety Agreement simply provides the Surety with the right to recover its attorneys' fees and expenses from the Defendants thereby making these fees a part of the Defendants' total *liability* to the Surety under the agreement.

In the present case, the Surety incurred attorneys' fees and expenses in prosecuting the indemnity action and in defending the suit filed against its Performance and Payment Bonds (the "Lawsuit").[3]  In accordance with Paragraph V(C) of the Master Surety Agreement, the Surety has filed vouchers, an itemized statement of payments and a sworn affidavit in support of its Motion for Summary Judgment attesting to the amount of attorneys' fees and expenses paid as a result of defending the Lawsuit and enforcing its rights under the Master Surety Agreement.

The Defendants' contention that the Surety has an additional burden under the Master Surety Agreement to prove reasonableness is wholly without merit.  The Defendants are confusing common law indemnity with the Surety's contractual right of indemnity pursuant to the parties' Master Surety Agreement and longstanding principles of suretyship.  In contrast to the common law, a surety seeking indemnification under a written indemnity agreement containing a ***prima facie clause*** is not required to prove the reasonableness of its payments.  See KLINGER supra at 123.  Rather, the surety need only provide evidence of having made payment.  See e.g., Continental Cas. Co. v. American Sec. Corp., 443 F.2d 649, 651-52 (D.C.Cir. 1970), *cert. Denied*, 402 U.S. 907, *reh'g denied*, 403 U.S.913 (1071) ("the appellees submitted in support of their summary judgment motion, according to the provisions of the indemnity

---

[3]     The Plaintiff's abbreviations throughout this Reply Memorandum are the same as those stated in its initial Memorandum of Law in Support of Motion for Summary Judgment.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agreement, 'an itemized statement thereof, sworn to by an officer of the sureties, or the voucher or vouchers, or other evidence of such payment shall be prima facie evidence of the fact and extent of the liability of the applicants in any claim or suit hereunder and in any and all matters arising between the applicants and the sureties.'"); cf Hawaiian Ins. & Guaranty Co., Ltd v. Higashi, 675 P.2d 767 (Haw. 1984)(in absence of right to settle clause and *prima facie* evidence clause, indemnitee must prove reasonableness of payment).

Similar *prima facie* evidence clauses to that existing in the present case have often been invoked to allow sureties to prevail on motions for summary judgment. See, e.g. United States Fidelity & Guaranty Co. v. Feibus, 15 F.Supp.2d 579, 582-83 (M.D.Pa.1998) (granting surety's claim for indemnification under *prima facie* clause on motion for summary judgment in absence of evidence that payments were made in bad faith); Transamerica Ins. Co. v. H.V.A.C. Contractors, Inc., 857 F.Supp. 969, 974-75 (N.D.Ga. 1994)(summary judgment in favor of surety appropriate absent evidence presented by indemnitors that payments were made in bad faith), Continental Cas. Co. v. American Sec. Corp., 443 F.2d 649, 651-52 (D.C.Cir. 1970), *cert. Denied*, 402 U.S. 907, *reh'g denied*, 403 U.S.913 (1071) (summary judgment is proper based upon affidavit and supporting documents of payment by surety); Int'l Fidelity Ins. Co. v. Spadafina, 596 N.Y.S.2d 453, 454, 192 A.2d 637, 639 (N.Y.A.D. 2 Dept., 1993)(indemintor's conclusory affidavits are insufficient to overcome presumption in favor of surety).

The Defendants rely upon Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Co., 129 F. 3d 143 (D.C. Cir. 1997) ("Ideal Electronic") to support their argument that USF&G must affirmatively prove the reasonableness of its attorneys' actions and fees. (Opp. Mem. 9, 10 and 11).[4]  First, it is puzzling how the Defendants misinterpret Ideal Electronic to

---

[4] As a preliminary matter, the Defendants represent in their Opposition Memorandum that the Court of Appeals reversed the trial court's order granting the surety's motion for summary judgment for fees incurred in defense of

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

require a surety to affirmatively prove the reasonableness of its attorneys' fees when the Defendants' cite the following passage from Ideal Electronic at Page 12 of its Opposition Memo:

> This argument fails upon assertion, for the contract provision relief upon by IFIC says only that "vouchers" shall be "*prima facie evidence* of the fact and amount of liability to the Surety." This confirms that something more than evidence of mere payment will be required if a charge is challenged. Thus, this provision is hardly conclusive with regard to the amount of a reasonable fee award, ***but rather simply shifts to [the indemnitor] the burden of proving that the fees claimed were excessive***.

(Opp. Mem. at 12) citing Ideal Electronic at 129 F.3d 152. Indeed, the Ideal Electronic case stands for the proposition that the Defendants have the burden of proving that the Surety's fees were excessive or unreasonable. Indeed, the Court of Appeals specifically placed the burden upon the indemnitors to review the surety's billing statements and present any challenges to the reasonableness of the fees to the district court. Id. at 129 F. 3d 151. And, based upon any such challenge, it is for the court to make an independent inquiry to ensure the reasonableness of the attorneys' fees claimed under an agreement. Id. at 129 F. 3d 150 (". . . if a stipulated fee is properly challenged, the district court is obliged under district law to award only reasonable fees, ***with reasonableness a determination to be made by the judge***.") (emphasis added).

Accordingly, the Defendant must prove the attorneys' fees and expenses were unreasonable in order to challenge the same before this Court.

---

the bond. However, the U.S. Court of Appeals affirmed the District Court's judgment finding the defendant liable under the indemnity agreement for attorneys' fees incurred by the surety but reversed and remanded to the district court for determination of a reasonable fee award. Id. at 129 F.3d 152. In doing so, the Court of Appeals stated that "[a]lthough the reasonableness of the fee award is ultimately within the District Court's discretion, [the indemnitor] must first be allowed an opportunity to challenge the reasonableness of the fees following disclosure of the billing statements." Id.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. DEFENDANTS <u>HAVE</u> <u>NOT</u> SUBSTANTIATED ANY CHALLENGES TO THE REASONABLENESS OF THE SURETY'S ATTORNEYS' FEES AND EXPENSES

The Defendants have attempted to challenge the reasonableness of the Surety's attorneys' fees and expenses on several grounds (Opp. Mem. at 12-16). The Plaintiff responds to each ground as follows:

### 1. Redacted Time Entries

The Defendants argue that the Surety cannot recover its attorneys' fees and expenses because it redacted those portions of its billing statements containing information protected by privilege. (Opp. Mem. at 13). The parties have reached an agreement whereby the Plaintiff will Move to File its un-redacted billing statements with the Court under seal and provide the Defendants with a copy of the same to be used in connection with this proceeding only. The Plaintiff's un-redacted billing statements are attached to Plaintiff's Motion to File Under Seal which is being filed with the Court contemporaneously with this Reply Brief.

### 2. Prejudgment Remedy Activities

The Defendants argue that the Surety is not entitled to the fees incurred in obtaining a pre-judgment remedy against them because the *amount* of fees was uncontested by the Defendants. First, despite the Surety's repeated demands, the Defendants refused to tender payment to the Surety for the amount of attorneys' fees sought thereby necessitating the Surety's Motion for Prejudgment Remedy. Moreover, the Surety's Motion for Prejudgment Remedy also sought an attachment pursuant to the collateral security provisions of the Master Surety Agreement in order to protect the Surety from liability under its Performance and Payment Bonds. The Defendants fail to mention that they contested the bulk of the relief sought by the Surety in the pre-judgment remedy proceeding and that the Surety filed an Objection to the

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Magistrate's Decision which was later replaced by a Motion for Preliminary Injunction – which was granted by this Court.

### 3.   *So Called* Delay in Filing Motion for Summary Judgment

The Defendants also assert that USF&G attorneys' fees incurred in defending the Lawsuit are unreasonable because USF&G "waited" more than two years to file a Motion for Summary Judgment based upon Elm Haven's inadequate notice under the Surety's Performance Bond. The Defendants claim that this information was available to USF&G on the date the suit was filed and that the Motion for Summary Judgment should have been filed immediately.

The Motion for Summary Judgment was based upon the conduct and communications between the Surety, Bond Principal and Bond Obligee. It could not be drafted or prepared without discovery, including reviewing the parties' respective documents. The Defendants have again conveniently failed to mention that the Surety was not given access to the Neri Construction, LLC's project files until December 2001 and then did not receive copies of the documents sought until several weeks later. Nor did the Defendants mention in their Opposition Memorandum that the Surety was not given timely access to the Bond Obligee's documents. They also neglected to mention that Neri Construction, LLC's Vincent Neri was completely unresponsive and unhelpful in the preparation of the Surety's Motion for Summary Judgment or the discovery leading up to the filing of the motion. For example, despite repeated demands dating back to January 2003, Mr. Vincent Neri did not provide his Affidavit utilized in support of the Surety's Motion for Summary Judgment until shortly before the motion was filed.

In addition, the Defendants' Opposition Memorandum is devoid of any discussion regarding the numerous defaults, violations of the Scheduling Order and entry of a separate pre-judgment remedy attachment against Neri Construction, LLC in the Lawsuit. The Defendants'

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

failure to adequately defend the Lawsuit caused the Surety to incur substantial costs in ensuring that its rights were preserved so that it would be in a position to file the Motion for Summary Judgment. Lastly, the Defendants did not mention that the plaintiff in the Lawsuit has appealed the Surety's award of Summary Judgment.

### 4. Financial Examinations of Defendants

The Defendants argue that the expenditure of time in examining the Defendants under oath was unreasonable. The Defendants forget that these examinations were ordered by the Court after the Defendants refused to comply with the Court's various orders surrounding the entry of an injunction against the Defendants. A full discussion of the Defendants' actions in failing to comply with the Court's orders to produce documentation and information relevant to their financial status and furnish the Surety with security interests is set forth in the Motions for Contempt filed by the Plaintiff in this action.

### 5. Use of Multiple Attorneys by USF&G

Even thought the Bond Principal and the Defendant, Neri Construction, LLC, is currently represented by two different law firms, the Defendants argue that USF&G's use of multiple attorneys from one firm was unreasonable. Notably, three different law firms have an Appearance on file for Neri Construction, LLC in the Lawsuit. Specifically, the Defendants argue that the Surety should not have allowed its Appellate Group to handle Defendants' appeal of the Order of Injunction. The Defendants also argue that Halloran & Sage LLP's use of another attorney (other than Attorneys Cavanaugh and Strniste) to assist in researching and drafting the Motion for Summary Judgment, Affidavits and Reply Brief in the Lawsuit was unnecessary. In making this argument, the Defendants ignore the magnitude of the tasks associated with drafting such a motion. The Plaintiff's counsel had to review volumes of project

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

documents, review and analyze transcripts, interview affiants, conduct extensive legal research and draft various pleadings.  As a result, there can be no argument that the attorneys' fees incurred in obtaining an order of Summary Judgment in the Lawsuit were reasonable.

**6.     Expenses**

The Defendants argue that they do not have enough information to ascertain whether certain of these expenses were reasonable.  Specifically, the Defendants question the following expenses:

**a.     Copying costs in excess of $2,170.00;**

The Defendants do not mention that they charged the Surety for reproducing their project files – which amounted to several boxes of documents.  Nor do the Defendants mention that the Surety had to pay for the reproduction of the Bond Obligee's project documents – which amounted to another several boxes of these documents.  The total fee for reproduction of the Bond Obligee's documents was $5,577.20.  Since the Defendants refused the Surety's demand to pay the entire invoice, one-half of these costs were paid by the Surety ($2,788.60).  The Defendants paid one-half of the total charges directly to the Surety so there lack of knowledge now is confusing.

**b.     Computer charges for research in excess of $700.00;**

The Surety was required to file several Memorandums of Law regarding the various pleadings filed in connection with this dispute, including, without limitation, the following: a) Motion for Prejudgment Remedy; b) Motion for Preliminary Injunction;  and c) Motion for Summary Judgment in Lawsuit.  Memorandums of law, and sometimes reply briefs, were required in the case of each motion.  Clearly, these charges are not excessive nor unreasonable.

**c.     Federal Express charges in excess of $256.00;**

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Several documents were sent between the parties via Federal Express. These charges are properly and adequately detailed in the billing statements provided.

      **d.    Conference call charge of $232.00 on 8/30/2002;**

It was necessary for the parties to confer with the Court in this action and in the pending Lawsuit. These conference call charges are the result of those calls and are adequately detailed in the billing statements provided.

      **e.    Travel expenses for Attorney Somers in the amount of $377.18 to attend oral argument in New York;**

Defendants' lack of knowledge as to Mr. Somers traveling expenses to New York City is disingenuous. Attorney Somers argued against the Defendants' appeal of this Court's Order of Injunction on behalf of the Surety against Attorney Doernberger.

      **f.    Late charges in the amount of $162.83 appearing on the November 19, 2003.**

Although these late charges appeared on the billing statements provided, they were not assessed to the client nor is the Surety seeking to recover the same from the Defendants.

In the present case, the Surety has complied with the requirements set forth in the Master Surety Agreement by providing "vouchers" and "other evidence" of payment in support of its motion. See Schoehaar Aff. at ¶¶ 18-22. The Defendants have not established any legally sufficient challenge to the Surety's attorneys' fees and expenses. Therefore, as a matter of law, the Surety has established its entitlement to indemnification and is entitled to summary judgment.

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

For all of the foregoing reasons, USF&G respectfully requests that this Court enter summary judgment in its favor on Count Three of the Complaint.

PLAINTIFF,
UNITED STATES FIDELITY
& GUARANTY COMPANY


By _____
Dennis C. Cavanaugh (ct05814)
Peter E. Strniste, Jr. (ct20830)
HALLORAN & SAGE LLP
Its Attorneys

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on March 26, 2004, a copy of the foregoing was sent via Federal Express to the following:

| | |
|---|---|
| David S. Doyle, Esq. | Edwin L. Doernberger, Esq. |
| Marcus Law Firm | Saxe, Doernberger & Vita, P.C. |
| 111 Whitney Avenue | 1952 Whitney Avenue |
| New Haven, CT 06510 | Hamden, CT 06517 |

_____
Peter E. Strniste, Jr.

531548_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105