**MANDATE**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

FILED
2004 OCT 19 A 10:58

S U M M A R Y   O R D E R

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of September, two thousand and four.

Present:   HONORABLE RALPH K. WINTER,

HONORABLE GUIDO CALABRESI,

HONORABLE ROBERT A. KATZMANN,

Circuit Judges.



------------------------------------------------

UNITED STATES FIDELITY AND GUARANTY COMPANY,

Plaintiff-Appellee,

- v. -                              No. 02-9465

NERI CONSTRUCTION LLC, JOAN C. NERI, THE NERI CORP,

Defendants-Appellants,

- and -

VINCENT A. NERI, MICHELLE NERI,

Defendants.

------------------------------------------------

ISSUED AS MANDATE: OCT - 7 2004

Appearing for Appellants:     Edwin L. Doernberger, Saxe,
                              Doernberger & Vita, P.C., Hamden,
                              CT.

Appearing for Appellee:       Dennis C. Cavanaugh, Halloran &
                              Sage LLP, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, Judge).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby VACATED and the case is REMANDED to the district court for further proceedings consistent with this order.

Neri Construction LLC, Joan C. Neri, and The Neri Corp. (collectively "Neri") appeal from Judge Thompson's order granting a mandatory preliminary injunction to United States Fidelity & Guaranty Co. ("USF&G"). The injunction required Neri to deposit $655,954 of collateral security with USF&G pursuant to a surety agreement between the parties. **[SPA-3]**

In the district court, USF&G claimed that the surety agreement entitled it to demand collateral security because demands had been made on performance and payment bonds issued by USF&G on behalf of Neri to Elm Haven Construction L.P. ("Elm Haven"). Specifically, Elm Haven, a general contractor, claimed that Neri had defaulted on its duties as a subcontractor and demanded payment of damages by USF&G under the bonds; when damages were not forthcoming, Elm Haven sued USF&G and Neri. See Elm Haven Constr. Ltd. P'ship v. Neri Constr. LLC, 376 F.3d 96 (2d Cir. 2004) (the "Elm Haven Action").

After oral argument in the instant case, another panel of

2

this court decided an appeal in the Elm Haven Action, id., holding that USF&G was not liable to Elm Haven under the performance or payment bonds issued on behalf of Neri. Id. at 100-02. In the instant case, both before the district court and before this court, the parties agreed that the propriety of a preliminary injunction enforcing the collateral security provision of the surety agreement turned on the likelihood that USF&G would be required to pay damages in the Elm Haven Action. Thus, much debate focused on which party would prevail in that Action. **[B-11-12, 16-17; R-19-27]** We now know that USF&G is not liable to Elm Haven under the bonds, altering significantly the legal and factual landscape.

USF&G's request for a preliminary injunction enforcing the collateral security provision of the surety agreement is now largely moot; USF&G will not be required to pay any damages to Elm Haven on behalf of Neri in the future. The collateral security provision requires only that Neri "place [USF&G] in funds before [USF&G] makes any payment." **[A-261]** The amount of collateral security ordered in this case -- $655,954 **[SPA-3]** -- was determined by the amount of damages sought by Elm Haven in the Elm Haven Action -- also $655,954 **[A-289]**. Because no damages will be awarded against USF&G in the Elm Haven Action, ordering collateral security in the amount of damages sought in the Elm Haven Action no longer makes sense, and the preliminary

injunction must be vacated. To the extent that USF&G's claim for collateral security may not be moot because USF&G foresees having to pay further legal expenses to recover its past legal expenses under the indemnity provision of the surety agreement, this claim, although mentioned in the district court, **[A-520]** differs significantly from USF&G's central claim. It was apparently not ruled upon by the district court and should therefore be addressed in the first instance by that court.

In the indemnity provision of the surety agreement Neri agreed to

> exonerate, hold harmless, indemnify and keep indemnified [USF&G] from and against any and all . . . expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by [USF&G] by reason of: (1) [USF&G] having executed, provided or procured BOND(S) in behalf of [Neri], or (2) [Neri's] failure to perform or comply with any of the provisions of this AGREEMENT . . . .

**[A-261]** The district court has not decided how much Neri owed USF&G under the indemnity provision, and this amount has changed significantly since this portion of the case was before the district court. See Appellants' Letter Br., Aug. 5, 2004, at 2 (noting USF&G claimed attorneys' fees, costs, and expenses as of Jan. 26, 2004 of $135,124.08); Appellee's Letter Br., Aug. 12, 2004, at 2 (noting that since Jan. 26, 2004, USF&G has "incurred substantially more" in fees, costs, and expenses). Further proceedings concerning USF&G's right to indemnification belong in

the district court.

For the foregoing reasons, the order of the district court is VACATED and the case is REMANDED to the district court for further proceedings consistent with this order.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK