UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                                :
UNITED STATES FIDELITY &        :
GUARANTY, CO.                   :
                                :
     Plaintiff,                 :
                                :
v.                              :  Civil No. 3:02CV00524(AWT)
                                :
NERI CONSTRUCTION, LLC, THE     :
NERI CORP., JOAN C. NERI,       :
VINCENT A. NERI, and MICHELLE   :
NERI,                           :
                                :
        Defendants.             :
                                :
-------------------------------x
```

**ORDER RE PLAINTIFF'S MOTION FOR CONTEMPT**

For the reasons set forth below, the plaintiff's Renewed Motion for Civil Contempt is being denied.

In the Second Circuit, a party can be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004).  A "clear and unambiguous order" is "one that leaves 'no uncertainty in the minds of those to whom it is addressed,' and 'who must be able to ascertain from the four corners of the order precisely what acts are forbidden.'"  A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F.Supp.2d 281, 290 (S.D.N.Y. 2000).

"[T]he contempt power is among the most formidable weapons in the court's arsenal, and one with significant potential for harm if it is wielded imprudently." U.S. v. Local 1804-1, Intern. Longshoreman's Ass'n, AFL-CIO, 44 F.3d 1091, 1095-96 (2d Cir. 1995).

The plaintiff seeks an order of civil contempt against the defendants and their counsel

> for failing and refusing to comply with the Court's Order of Preliminary Injunction and subsequent Orders issued with regard to Plaintiff's December 12, 2002 Motion for Contempt by: (1) misleading the Surety and this Court as to existing assets and available equity to satisfy the Court's Order of Injunction; and (2) relying upon prior improper transfers, conveyances or other encumbrances to circumvent the Court's Order of Injunction.

Plaintiff's Objection to Motion for Order Releasing and Substituting Security Interests Granted to Plaintiff and Motion for Civil Contempt (Doc. No 69).

After reviewing the defendants' Memorandum in Opposition to Motion for Contempt (Doc. No. 70), the court cannot conclude that proof of noncompliance with the court's order meets the standard of "clear and convincing." In the Order of Preliminary Injunction, the court ordered the defendants to provide USF&G with security "in the amount of $655,954.00." Subsequently, there were numerous discussions between the parties, some of which were with the court also, concerning the provision by the defendants of collateral in the form of property, or liens on or security interests in property, in order to comply with the Order of Preliminary Injunction. At one point, the court ordered the defendants to execute, without modification, the security documents furnished by the plaintiffs

under threat of being found in violation of a court order; the court notes that had the defendants failed to comply with that order, the requirement of clear and convincing proof of noncompliance would have been satisfied. Although the court was not impressed favorably with how the defendants responded to the court's order that they provide collateral, the court does not conclude that the requirements for a finding of contempt are satisfied here.

Also, the court notes that it does not seem appropriate that the filing of the defendants of their Motion for Order Releasing and Substituting Security Interests Granted to Plaintiff (Doc. No. 65) be a factor in any analysis as to whether the defendants are in contempt because, when the court ordered the defendants to sign, without modification, the security documents furnished by the plaintiff under threat of being found in violation of a court order, the court contemplated that the defendants would file a motion seeking modification by the court of any provisions they thought were unfair.

For the reasons set forth above, the plaintiff's Renewed Motion for Civil Contempt (Doc. No. 77) is hereby DENIED.

It is so ordered.

Dated this 28th day of September 2006 at Hartford, Connecticut.

                                               /s/AWT
                                       Alvin W. Thompson
                                  United States District Judge