UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES FIDELITY &** | : | CIVIL ACTION |
| **GUARANTY COMPANY** | : | NO. 302-CV-524(AWT) |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **NERI CONSTRUCTION, LLC, et. al.** | : | |
| | : | |
| Defendants | : | November 28, 2004 |

## MEMORANDUM OF DEFENDANTS REGARDING SUPPLEMENTAL APPLICATION FOR COSTS AND ATTORNEYS FEES

This Memorandum is submitted by Defendants Neri Construction LLC, the Neri Corp and Joan Neri (hereinafter "Defendants") regarding the Supplemental Application for Costs and Attorneys' Fees dated October 27, 2006. For the reasons stated below,[1] Defendants believe that the amounts claimed by plaintiff United States Fidelity & Guaranty Company ("USF&G") for attorneys' fees and costs is excessive and should be reduced by the Court. Defendants will address separately the claims for attorneys' fees in the Elm Haven action,[2] the claim for fees in the above-captioned enforcement action ("Enforcement Action"), and several miscellaneous items.

I.   The Request for Fees and Costs in the Elm Haven Action.

Defendants believe that the claim of Plaintiff for $82,451.46 is excessive and must be reduced by the Court. Defendants' opposition to the amount of fees and

---
[1] Defendants also incorporate by reference Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. (Docket No. 86)
[2] Elm Haven Construction Limited Partnership v. Neri Construction, LLC, United States District Court, District of Connecticut Civil Action #3:01CV1307(GLG).

expenses is based upon: (1) delay in filing the Motion for Summary Judgment; (2) the number of attorneys participating in the matter, thereby creating excessive duplication and costs; (3) the time expended by counsel on various aspects of the matter; and (4) the lack of clarity as to items claimed.

### A. Delay in filing Motion for Summary Judgment

In the Elm Haven Action, the complaint was filed on July 11, 2001, and Plaintiff appeared in the matter through counsel on August 8, 2001. Twenty months later, USF&G moved for summary judgment (Docket No. 70). In support of its motion for summary judgment, USFG attached affidavits from Steven Schoenhaar of USF&G and Vincent Neri of Neri Construction. Significantly, neither affidavit referred to any facts occurring prior to July 11, 2001, the filing date of the Complaint. The issue therefore simply, is whether USF&G should be compensated for the time expended during the period of time from July 2001 through April 2003 on matters other than the motion for summary judgment, when the motion for summary judgment could have been filed pursuant to FRCP 12(b)(6). The Motion of USF&G was based on the fact that, contrary to the provisions of the USF&G bonds, Elm Haven failed to default Neri Construction and give the opportunity of USF&G to cure any such default[3]. The decision of the District Court granting the Motion for Summary Judgment was affirmed by the Court of Appeals. <u>Elm Haven Construction Limited Partnership v. Neri Construction, LLC</u>, 376 F.3d 96(2d Cir. 2004). During this time, USF&G expended thousands of dollars in

---

[3] R. Kasten of USF&G testified at the PJR Hearing before Judge Martinez in the Enforcement Action that the failure to issue a declaration of default by Elm Haven and failure to give USF&G an opportunity to complete the project were "complete defenses" to Elm Haven's claim against USF&G. Transcript, 6/4/02 at 87-88.

attorneys' time, when all of the facts necessary for the filing of the motion were known prior to the filing of the Elm Haven Complaint.

### B. The Numbers of Attorneys Created Duplicative Effort

In the Elm Haven Action, billing statements to USF&G show that six attorneys were involved in this matter. Initially, it appears that Dennis Cavanaugh and Gregory Holness were the attorneys involved in this matter. (Billing Statement 9/27/01). On October 10, 2001, attorney Peter Strinste became involved in this matter, and it appears that attorney Holness was no longer involved. Approximately one year later, a new attorney, Robert M. Barrack became involved with regard to the Elm Haven action. (Billing Statement 10/14/02). Later, another associate, Jude Francois also became involved in the matter (Billing Statement 4/27/04) and then another associate, Regen O'Malley also became involved in the matter (Billing Statement 5/27/04). No explanation has been provided with regard to the need for the involvement of these six attorneys on behalf of USF&G in the Elm Haven action, and Defendant should not be required to pay for services rendered by each of the attorneys in becoming familiar with the file.

### C. Time expended was excessive

Because of the number of attorneys involved, obviously time spent by duplicate attorneys in preparing each of the items filed was duplicative. For example, with respect to USF&G's motion for summary judgment, the motion, memorandum, briefs affidavits, etc. were prepared by and/or reviewed by three attorneys, Robert Barrack, Dennis Cavanaugh and Peter Strniste (Billing Statements 11/21/03 through 4/23/04).

In addition, a review of billing statements shows that excessive time was expended with regard to the appeal brief filed by USF&G. Attorney Sommers, Cavanaugh and Strniste were all involved in the appellate brief. (Billing statements 4/27/04 through 7/20/04) and excessive time was billed. For example, on June 9, 2004, it appears that attorneys Cavanaugh, Striniste and Sommers were all involved in preparation for the argument to be held before the 2d Circuit[4]. Similarly, on that same date, attorney Sommers claims to have spent 12.7 hours in preparing for the 2d Circuit argument. Thereafter, on June 10, 2004, both attorneys Cavanaugh and Sommers charged for the argument presented before the 2d Circuit although only attorney Sommers argued the case.

**D.    Miscellaneous Issues**

In addition to the foregoing, Defendants take issue with some of the specific time entries listed. For example,

- On July 1, 2001, USF&G was charged $117.00 to obtain a copy of the complaint and have it sent to USF&G, presumably after USF&G had been served with a copy of the complaint.

- A Motion for a More Definite Statement filed by USF&G (Docket No. 11) and denied by the trial court (Docket No. 22).

- The sum of $553.00 was charged for "travel expenses" on the 7/20/2004 statement with no indication of what these items were for.

---

[4] It should be noted that the 6/9/04 entries for Attorneys Cavanaugh and Strniste for 1.4 hours each for "moot court argument" on the Elm Haven appeal are the same as entries for the attorneys for argument in the Enforcement Action appeal for which "no charge" was made. (Compare Billing Statements 7/20/04, entries of 6/9/04, with Billing Statement 9/29/03, entries of 8/26/03).

## II.  Fees charged in the Enforcement Action were excessive

Defendants submit that the claim of $64,399.83 for attorneys' fees and costs incurred in the enforcement action are excessive. As more particularly set forth below, Defendants object to the claims on the basis that much of the activities conducted on behalf of USF&G were neither required nor successful; that, again, an excessive number of attorneys participated in the case, and that the time expended was excessive. This was a situation where USF&G claimed that it had no liability on the bonds, which contention was eventually proved correct through the filing of a Motion for Summary Judgment an affirmance of the grant of summary judgment in favor of USF&G on appeal, where Defendants never claimed that they were not required to indemnify and hold harmless USF&G from reasonable attorneys fees occurred in defending the Elm Haven action, and in which success on the part of USF&G was limited.

### A.  THE PJR APPLICATION AND HEARING

Early in this action, USF&G moved for a pre-judgment remedy to secure its liability and attorneys' fees and costs expended or to be expended in the Elm Haven action. (Docket No. 10). In response to the motion Defendants explicitly stated that they did not object to "the granting of a prejudgment remedy to the extent that USF&G seeks to obtain security for attorney's fees and costs it might incur in defense of claims asserted against it" in the Elm Haven Action, but did object to security for liability in the Elm Haven Action since USF&G faced no such liability. (Docket No. 14) Following lengthy proceedings, Judge Martinez granted USF&G motion for prejudgment remedy only to the extent that USF&G presented evidence of attorneys' fees and costs (to which

Defendants did not object) and denied any further prejudgment remedy. (Docket No. 35). A calculation of the fees claimed by USF&G for the PJR proceedings is $10,069.50. (see Billing Statements 5/9/02 through 10/21/02). Fees for this proceeding in which the only relief was to obtain security which Defendants hade previously offered[5] in the amount claimed should not be allowed.

    B.    FEES FOR COLLATERAL ISSUES ARE EXCESSIVE

By order dated November 7, 2002 (Docket No. 55), the Court granted USF&G's motion for a preliminary injunction requiring Defendants (and defendants Vincent Neri and Michelle Neri) to post $655,954.00 in security. Thereafter, despite Defendants having previously provided financial statements and providing current financial statements, USF&G expended approximately $8,790.50 is discovery efforts regarding collateral (see Billing Statements 11/21/02 through 1/22/03). Regarding the former, it was undisputed that Neri Construction provided both its most recent financial statement and interim profit and loss statements through September 30, 2001 to USF&G. (Transcript of PJR Hearing, 6/4/02, Testimony of R. Kasten at 96-97). In addition, during this Enforcement Action, USF&G received financial statements from Joan Neri (see Billing Statement 6/26/02, entry for 5/13/02  "Receipt and preliminary review of correspondence from counsel for indemnitor, Joan Neri and attached financial disclosures."); USF&G was furnished with financial disclosures from Defendants, including Joan Neri and Neri Construction (see  Billing Statement 1/22/03, entries for 12/06/02, 12/10/02), and from Vincent and Michelle Neri (id., entry for 12/09/02).

---

[5] See Affidavits attached to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment dated March 12, 2004. (Docket No. 86)

Although the financial records were provided, preparation for and depositions of all defendants took place over several weeks, thereby inflating the costs of the proceedings. (See Billing Statement 1/22/03). The result of all of the activity was that USF&G took various security interests in all of the assets of the indemnitors.[6]

### C. EXCESSIVE NUMBER OF ATTORNEYS.

As noted with respect to the Elm Haven action, USF&G also used an excessive number of attorneys on the Enforcement Action. In addition to attorneys Cavanaugh and Strniste taking part in this matter throughout, attorneys Martin Onorato (Billing Statement 10/14/02),[7] Richard Roberts (Billing Statement 1/22/03),[8] John Farley (Billing Statement 2/13/03), James Somers (beginning Billing Statement 2/13/03), Todd Regan (beginning Billing Statement 1/29/04), and Christopher Bunge (Billing Statement 10/17/06) have been involved in this matter. Again, eight attorneys on this matter is excessive.

### D. OTHER ITEMS OF FEES AND COSTS

- Time expended for preparation for and oral argument of appeal was excessive. Although USF&G's appellate brief was completed on 5/20/03 (Billing Statement 6/30/03), three months later Attorney Sommers spent 17.3 hours in preparation for oral argument, and claims to have spent 5.5 hours at the argument. (Billing Statement 9/29/03) In addition, no reason

---

[6] It might be further noted that despite the decision determining that USF&G had no liability in the Elm Haven Action, no collateral has been released by USF&G.
[7] His participation was limited, but the charges appear to be primarily for activities a secretary would perform.
[8] His participation appears to consist primarily of drafting security instruments, to which activities no objection is made.

in given for a need for two attorneys at the argument for which Attorney Cavanaugh has entered 7.5 hours of time. (Id.)

- No explanation is given for the entry for travel expenses in the amount of $377.18 (Billing Statement 10/17/03) for Attorney Sommers. The entry on the Billing Statement of 9/29/03 for $50 appears reasonable.

- No explanation is given for " SNET Conference Calling" entry of $232 on Billing Statement 8/30/02, and Billing Statements of 7/16/02 and 8/30/02 do not refer to any conference calls.

- A charge of $350.57 pr "Sheriff Fee" appears on the Billing Statement of 5/24/02, apparently for service of the Complaint in the Enforcement Action. FRCP Rule 4(d) proscribes recovery of this amount since no effort was made by USF&G to avoid these costs.

### III.  Miscellaneous

A.  Exhibit "E" has never been explained. In its original Motion for Summary Judgment, USF&G filed a claim for $1,056.60 in administrative and other expenses. In the ruling on the Motion for Summary Judgment, the Court indicated that the specific items contained on Exhibit "E" should be identified as to their applicability. USF&G has failed to identify the specific items, and therefore the motion should be denied with respect to these items.

B.   In their claim for expenses, USF&G has identified various charges for Federal Express and courier service, without any explanation as to which matter it might apply and as to the need for such charges. These are as follows:

| Statement | Federal | Courier |
|---|---|---|
| 11/16/01 | $49.54 | |
| 1/25/02 | $20.95 | |
| 3/22/02 | $22.16 | $135.25 |
| 5/24/02 | | $27.50 |
| 7/16/02 | $55.47 | $23.00 |
| 8/30/02 | $52.16 | |
| 9/19/02 | | $22.50 |
| 10/14/02[9] | $20.96 | |
| 1/22/03 | $16.18 | |
| 2/13/03 | $43.65 | $190.50 |
| 3/20/03 | | $22.50 |
| 4/23/03 | $12.25 | |
| 6/30/03 | $46.14 | |
| 9/29/03 | $11.08 | |
| 10/17/03 | $11.14 | |
| 3/17/04 | | $20.00 |
| 5/27/04 | $44.40 | $10.00 |
| 6/30/04 | | $13.00 |

---

[9] This bill also contains a charge for "meeting expense" in the amount of $84.00 without any indication of the purpose.

## IV. Conclusion

For the foregoing reasons, it is respectfully, requested that the Court only allow Plaintiff reasonable fees and costs.

THE DEFENDANTS
NERI CONSTRUCTION, LLC, THE NERI
CORP. and JOAN C. NERI

by: *[signature]*
Edwin L. Doernberger
Saxe, Doernberger & Vita, P.C.
1952 Whitney Avenue
Hamden, CT 06517
Tel. (203) 287-8890
Fax. (203) 287-8847
Fed. Bar No. ct05199

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first class mail, postage pre-paid, to the following counsel of record on November 28, 2006:

Dennis C. Cavanaugh, Esq.
Peter E. Strniste, Jr., Esq.
Brown Raysmon
City Place II, 185 Asylum Street
Hartford, CT 06103

David S. Doyle, Esq.
The Marcus Law Firm
111 Whitney Avenue
New Haven, CT 06510

Edwin L. Doernberger