UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                                :
UNITED STATES FIDELITY &        :
GUARANTY, CO.                   :
                                :
     Plaintiff,                 :
                                :
v.                              :  Civil No. 3:02CV00524(AWT)
                                :
NERI CONSTRUCTION, LLC, THE     :
NERI CORP., JOAN C. NERI,       :
VINCENT A. NERI, and MICHELLE   :
NERI,                           :
                                :
     Defendants.                :
                                :
-------------------------------x
```

**ORDER RE PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**

The Supplemental Affidavit of Attorneys' Fees and Costs (Doc. No. 104) ("USF&G's Application") by plaintiff United States Fidelity & Guaranty Co. ("USF&G") is being granted in part and denied in part, as set forth below, for the reasons discussed during the hearing on December 14, 2006.

In the Ruling on Motion for Summary Judgment (Doc. No. 102) (the "Summary Judgment Ruling"), the court found that the defendants are liable to USF&G for attorneys' fees and costs incurred by it in the EHC Action (as defined in the Summary Judgment Ruling) and also liable to USF&G for attorneys' fees and costs incurred by it in the Enforcement Action (as defined in the Summary Judgment Ruling). In the Summary Judgment Ruling, the court ordered USF&G to submit a supplemental application for

attorneys' fees and costs, identifying which portions of the attorneys' fees and costs are attributable to the EHC Action and which are attributable to the Enforcement Action. The legal standards applicable to USF&G's application for attorneys' fees and costs in the respective actions is set forth in the Summary Judgment Ruling. Defendants Neri Construction, LLC, the Neri Corp., and Joan C. Neri filed an objection to USF&G's Application. See Memorandum of Defendants Regarding Supplemental Application for Costs and Attorneys Fees (Doc. No. 107) (the "Defendants' Objection"). Defendants Vincent A. Neri and Michelle Neri filed no objection.

At the hearing on USF&G's Application on December 14, 2006, the court heard argument on each of the objections to USF&G's Application. There are four groups of objections set forth in the Defendants' Objection with respect to USF&G's application for attorneys' fees and costs in connection with the EHC Action. For the reasons set forth during the hearing on December 14, 2006, each of those objections was overruled. There are also four groups of objections set forth in the Defendants' Objection with respect to USF&G's application for attorneys' fees and costs in connection with the Enforcement Action. For the reasons set forth during the hearing on December 14, 2006, those objections were overruled with two exceptions. First, the Defendants' Objection includes an objection to a $232 entry for "SNET

Conference Calling." (See Defendants' Objection, at 8). During the discussion concerning this expense, USF&G waived its claim for this expense. Second, the court sustained the objection to the $350.57 expense for a sheriff's fee in connection with the service of the complaint in the Enforcement Action. (See id., at 8).

The Defendants' Objection also makes reference to Exhibit E to USF&G's Motion for Summary Judgment (Doc. No. 78) and a claim for $1,056.60 in administrative and other expenses set forth therein. The court determined that those expenses are covered by the itemized billing statements that have been submitted by USF&G and are not in addition to the charges set forth therein. Also, the court found the objections to the charges for Federal Express and courier service to be without merit.

Therefore, the court concluded that USF&G has met its burden of demonstrating it is entitled to $77,786.05 for attorneys' fees and $4,665.41 for costs in connection with the EHC Action. The reasons it is entitled to these amounts is set forth in the Supplemental Affidavit of Attorneys' Fees and Costs (see Supplemental Affidavit of Attorneys' Fees and Costs dated October 27, 2006, attached to USF&G's Application).

The court also concluded that USF&G has met its burden of demonstrating it is entitled to attorneys' fees in the aggregate amount of $65,338.95 and costs in the aggregate amount of

$3,408.71 in connection with the Enforcement Action.  The Supplemental Affidavit of Attorneys' Fees and Costs dated October 27, 2006 sets forth the reasons why USF&G is entitled to $60,983.45 in attorneys' fees and $3,333.31 in costs in the Enforcement Action.  The Supplemental Affidavit of Attorneys' Fees and Costs dated December 13, 2006 (Doc. No. 110) sets forth the reasons why the plaintiff is entitled to an additional $3,410.50 for attorneys' fees and $75.40 in costs in the Enforcement Action.  The facts recited by Attorney Cavanaugh during the hearing on December 14, 2006 concerning the work performed by USF&G's counsel after November 30, 2006 establishes that USF&G is entitled to an additional $945 in attorneys' fees.

Accordingly, USF&G's Supplemental Application for Costs and Attorneys' Fees (Doc. No. 104) is hereby GRANTED in part and DENIED in part.  The Clerk shall enter judgment in favor of USF&G against all the defendants on Count III in the total amount of $151,199.12, which amount represents $77,786.05 in attorneys' fees and $4,665.41 in costs in the EHC Action and $65,338.95 in attorneys' fees and $3,408.71 in costs in the Enforcement Action.

It is so ordered.

Dated this 15th day of December 2006 at Hartford, Connecticut.

                                           /s/AWT
                                      Alvin W. Thompson
                                  United States District Judge