UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## APPLICATION FOR AND WRIT OF EXECUTION

## BANKING INSTITUTION

**APPLICATION:**

To the United States District Court for the District of Connecticut at 141 Church Street, New Haven, Connecticut, in connection with the judgment therein on March 23, 2007, Docket No. 3:02 cv 00524 (AWT), *United States Fidelity & Guaranty Co. v. Neri Construction LLC., et al.*

**NAME AND ADDRESS OF BANKING INSTITUTION** (only one bank name/address per application):

Wachovia Bank, N.A., State House Square Financial Center
30 State House Square, Hartford, Connecticut 06103

**NAME OF JUDGMENT CREDITOR MAKING APPLICATION:**

United States Fidelity & Guaranty Co.
385 Washington Street, St. Paul, Minnesota

**NAME OF JUDMENT DEBTOR:**    Vincent Neri
234 Ken Rose Terrace, Westbrook, CT 06498

| | | |
|---|---|---|
| 1. | AMOUNT OF JUDGMENT: | $151,199.12 |
| 2. | AMOUNT OF COSTS: | $ 8,466.05 |
| 3. | AMOUNT OF INTEREST (if applicable): | $ 7,166.29 |
| 4. | TOTAL JUDGMENT AND COSTS: | $166,831.46 |
| 5. | TOTAL PAID ON ACCOUNT: | $0 |
| 6. | TOTAL UNPAID JUDGMENT: | $166,831.46 |

For the Plaintiff,
United States Fidelity & Guaranty Co.

Dated: December ___, 2007    By: _____
Dennis C. Cavanaugh, Esq. (Juris No. ct05814)
Thelen Reid Brown Raysman & Steiner, LLP
CityPlace II, 10th Floor, 185 Asylum Street
Hartford, Connecticut 06106
Tel. (860) 275-6424
Fax. (860) 275-6410
dcavanaugh@thelen.com

CT #155913 v1

## EXECUTION

**TO ANY PROPER OFFICER:**

      Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the above-named Judgment Debtor before the above-named court for the amount of damages and costs above, as appears on record, whereof execution remained to be done. These thereby Authority Of The United States To Command You:

   _____**IF JUDGMENT DEBTOR IS A NATURAL PERSON:**

Within seven days from your receipt of this execution, make demand upon the main office of any banking institution having its main office within your county, or is such main office is not within your county and such banking institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the banking commissioner, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the bank institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes.

   _____**IF DEBTOR IS OTHER**

Make demand upon the main office of any banking institution having its main office within your county, or if such main office is not within your county and such bank institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the banking institution in accordance with regulations adopted by the banking commissioner, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid damages and costs on said judgment as stated above, plus interest on the unpaid amount of said judgment from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution office upon whom such demand was made.

**HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.**

**DATED AT** _____ **, CONNECTICUT THIS** \_\_\_\_\_ **DAY OF** _____ **,** \_\_\_\_ .

                                                   ROBERTA D. TABORA, CLERK

                                                   BY _____
                                                   DEPUTY CLERK

| EXEMPTION CLAIM FORM<br>**FINANCIAL INSTITUTION EXECUTION**<br>JD-CV-24A Rev. 4-06<br>C.G.S. 31-58(j), 52-321a, 52-350a, 52-352b,<br>52-361a, 52-367b, 29 U.S.C. 206(a)(1) | <u>SEE INSTRUCTIONS ON BACK/PAGE 2</u> | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

NAME AND ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY
*(To be completed by judgment creditor or attorney)*

TO:  Vincent Neri
     234 Ken Rose Terrace
     Westbrook, Connecticut 06498

### SECTION I  *(To be completed by judgment creditor)*

| ☐ Judicial District  ☐ Housing Session  ☐ G.A. No. _____ | NAME AND ADDRESS OF COURT *(No., Street, Town and Zip Code)*<br>United States District Court, 141 Church St., New Haven, CT 06510 | |
|---|---|---|
| NAME OF CASE<br>USF&G v. Neri Construction, LLC, et al. | NAME OF JUDGMENT DEBTOR<br>Vincent Neri | DOCKET NO.<br>3:02 cv 00524 (AWT) |

### SECTION II  *(To be completed by financial institution - see instructions on back/page 2)*

| NAME AND ADDRESS OF FINANCIAL INSTITUTION TO WHICH EXEMPTION CLAIM (IF ANY) IS TO BE RETURNED | | DATE OF MAILING TO JUDGMENT DEBTOR |
|---|---|---|
| DESCRIPTION OF ACCOUNT *(Including account no.)* | AMOUNT REMOVED PURSUANT TO EXECUTION | AMOUNT AND TYPE OF READILY IDENTIFIABLE EXEMPT FUNDS **NOT** REMOVED |

☐ Additional sheet(s) attached hereto and made a part hereof *(if necessary)*.

### SECTION III      NOTICE TO JUDGMENT DEBTOR

As a result of a judgment entered against you, the attached execution has been issued against funds deposited by you in the **financial institution named above.** In compliance with this execution, the financial institution has removed the amount of money indicated above from the account(s) enumerated above.

**THE MONEY IN YOUR ACCOUNT(S) MAY BE EXEMPT FROM EXECUTION** - The money in your account(s) may be protected from execution by state statutes or by other laws or regulations of this state or of the United States. A checklist and a description of the most common exemptions established by law are set forth below.

**HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW.** If you wish to claim that the money in your account(s) is exempt by law from execution, you must fill out and sign before a proper official the Affidavit of Claim of Exemption below and mail or deliver this exemption claim form to the <u>financial institution</u> at the above address. This form must be received by the financial institution no later than 15 days from the DATE OF MAILING TO THE JUDGMENT DEBTOR indicated above.

Upon receipt of this form the financial institution will forward it to the Superior Court and the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

### SECTION IV      AFFIDAVIT OF CLAIM OF EXEMPTION ESTABLISHED BY LAW

I, the judgment debtor named above, hereby claim and certify under the penalty of false statement that the money in the above account is exempt by law from execution as follows: *("X" all that apply to the funds contained in this account)*

☐ Social Security benefits (§52-352b(g))
☐ Unemployment benefits (§52-352b(g))
☐ Worker's Compensation benefits (§52-352b(g))
☐ Veteran's benefits (§52-352b(g))
☐ Public Assistance payments (§52-352b(d))
☐ Wages* (§52-361a)
☐ Wages earned by a public assistance recipient under an incentive earnings or similar program (§52-352b(d))
☐ Court-ordered child support payments (§52-352b(h))
☐ Alimony and support other than child support* (§52-352b(n))
   *See Note Regarding Exemption for Wages and Alimony on back/page 2.

☐ Private pension, trust, retirement, or medical savings account payments (§§52-321a, 52-352b(m))
☐ Health or disability insurance payments (§52-352b(e))
☐ An amount in the bank not to exceed $1000 (§52-352b(r))
☐ Other claim of exempt funds *(Explain basis for claim of exemption)*:

| Amount claimed to be exempt if less than the entire amount: | |
|---|---|

| SIGNED<br>X | DATE SIGNED | TELEPHONE NO. |
|---|---|---|
| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | | |

| Subscribed and sworn to before me on: | DATE | AT *(Town)* | SIGNED *(Notary Public, Commissioner of Superior Court)*<br>X |
|---|---|---|---|

## INSTRUCTIONS

### TO FINANCIAL INSTITUTION

1. Complete section II of this form and send 2 copies of this form and the financial institution execution form to the judgment debtor and to any secured party that is party to a control agreement between the financial institution and such secured party under article 9 of title 42a pursuant to section 52-367b of the General Statutes.

2. If this claim of exemption is returned completed, fill out section VI of this form and mail, within two business days, to the issuing clerk's office at the address of court indicated on the front side. See additional instructions on the financial institution execution form.

### TO CLERK

1. Attach this form to each financial institution execution issued in a civil or family matter against a judgment debtor that is a natural person.
2. Deliver the execution along with this form to the judgment creditor requesting the execution.
3. If judgment debtor completes and returns this form claiming an exemption, enter the appearance of the judgment debtor with address set forth on page 1.
4. Set matter down for short calendar hearing.
5. Complete section VII below.
6. Send file-stamped copy of this form to judgment debtor and judgment creditor.
7. After hearing, send copy of any order entered to the financial institution.

### NOTE REGARDING EXEMPTION FOR WAGES AND ALIMONY

*The amount of wages and alimony that may be subject to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five per cent of the individual's disposable earnings for that week, or (2) the amount by which the individual's disposable earnings for that week exceed forty times the higher of (A) the federal minimum hourly wage under Section 6(a)(1) of the Fair Labor Standards Act of 1938, U.S.C. tit. 29, Section 206(a)(1), or (B), the state minimum hourly wage under subsection (j) of Section 31-58, in effect at the time the earnings are payable.*

*C.G.S. 52-350a(4) defines "disposable earnings" as that part of the earnings of an individual remaining after the deduction from those earnings of amounts required to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums and federal tax levies.*

| SECTION V | PROPER OFFICER MUST COMPLETE THIS SECTION | | |
|---|---|---|---|
| NAME AND TITLE OF PROPER OFFICER | | DATE OF SERVICE ON FINANCIAL INSTITUTION | TELEPHONE NO. |

| SECTION VI *(To be completed by financial institution upon return of exemption claim form)* | | | |
|---|---|---|---|
| DATE CLAIM RECEIVED | DATE MAILED TO COURT | NAME OF FINANCIAL INSTITUTION | TELEPHONE NO. |

| SECTION VII | NOTICE TO JUDGMENT DEBTOR AND JUDGMENT CREDITOR |
|---|---|

**The assets in dispute are being held for (1) forty-five days from the date the exemption claim form was received by the financial institution designated on the front of this form or (2) until disposition is ordered by the court at a hearing to be held at short calendar on the date set forth below, whichever occurs earlier.**

| DATE OF HEARING | TIME OF HEARING | ☐ a.m.<br>☐ p.m. | COURTROOM |
|---|---|---|---|

| SIGNED *(Assistant Clerk)* | DATE SIGNED |
|---|---|

### ORDER

The Court/Magistrate, having held a hearing to determine the issues raised by this claim, hereby orders that:

BY THE COURT *(Name of Judge/Family Support Magistrate/Magistrate)*

☐ Judge    ☐ FSM    ☐ Magistrate

| SIGNED *(Judge/Family Support Magistrate/Magistrate/Assistant Clerk)* | DATE SIGNED |
|---|---|